UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NEIL M. ZAPATOS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO:  2:12-cv-00139** |
| | * | |
| **MARINE SPILL REPSONSE CORPORATION** | * | **SECTION R (5)** |
| | * | |
| | * | **JUDGE VANCE** |
| | * | |
| | * | **MAG. CHASEZ** |

*****************************************

## ANSWER TO ORIGINAL AND FIRST AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Marine Spill Response Corporation ("MSRC"), and for answer to the Complaint and First Amending Complaint of Neil M. Zapatos, alleges and avers on information and belief as follows:

### FIRST DEFENSE

The Complaint, as amended, fails to state a claim against MSRC upon which relief can be granted.

1

## **SECOND DEFENSE**

In response to the numbered paragraphs of plaintiff's Complaint, as amended, MSRC alleges and avers on information and belief as follows:

1.

MSRC admits the allegations contained in Paragraph 1 of the Complaint, as amended.

2.

MSRC denies the allegations contained in Paragraph 2 of the Complaint, as amended.

3.

Paragraph 3 of the Complaint, as amended, does not contain allegations of fact for which answer is required, but states conclusions of law; however, if answer is required, MSRC does not contest the jurisdiction of this Honorable Court.

4.

Paragraph 4 of the Complaint, as amended, does not contain allegations of fact for which answer is required, but states conclusions of law; however, if answer is required, MSRC does not contest venue.

5.

MSRC admits the truth of the allegations contained in Paragraph 5 of the Complaint, as amended.

6.

MSRC admits that it owned and operated the M/V VIRGINIA REPSONDER. Except as admitted, MSRC denies the truth of the allegations contained in Paragraph 6 of the Complaint, as amended.

7.

MSRC admits the truth of the allegations contained in Paragraph 7 of the Complaint, as amended.

8.

MSRC admits the truth of the allegations contained in Paragraph 8 of the Complaint, as amended.

9.

MSRC admits the truth of the allegations contained in Paragraph 9 of the Complaint, as amended.

10.

MSRC denies the truth of the allegations contained in Paragraph 10 of the Complaint, as amended.

11.

MSRC denies the truth of the allegations contained in Paragraph 11 of the Complaint, as amended.

12.

MSRC denies the truth of the allegations contained in Paragraph 12 of the Complaint, as amended.

13.

MSRC denies the truth of the allegations contained in Paragraph 13 of the Complaint, as amended.

14.

MSRC denies the truth of the allegations contained in Paragraph 14 of the Complaint, as amended.

15.

MSRC denies the truth of the allegations contained in Paragraph 15 of the Complaint, as amended.

16.

MSRC denies the truth of the allegations contained in Paragraph 16 of the Complaint, as amended, including all subparts.

17.

MSRC denies the truth of the allegations contained in Paragraph 17 of the Complaint, as amended, including all subparts.

18.

Paragraph 18 of the Complaint, as amended, does not contain allegations of fact for which answer is required, but states conclusions of law; however, if answer is required, MSRC denies the truth of the allegations contained in Paragraph 18 of the Complaint.

19.

.Paragraph 19 of the Complaint, as amended, does not contain allegations of fact for which answer is required, but states conclusions of law; however, if answer is required, MSRC denies the truth of the allegations contained in Paragraph 19 of the Complaint.

20.

MSRC denies the truth of the allegations contained in Paragraph 20 of plaintiff's Complaint, as amended. Further, MSRC asserts that the punitive damages claim is unconstitutional, as it constitutes an excessive fine, and it is in violation of MSRC's right to due process.

21.

Paragraph 21 of the Complaint, as amended, does not contain allegations of fact for which answer is required, but states conclusions of law; however, if answer is required, MSRC denies the truth of the allegations contained in Paragraph 21 of the Complaint.

### THIRD DEFENSE

MSRC avers that the damages alleged by plaintiff, if any exist, which specifically is denied, were caused solely by plaintiff's own negligence, failure to perform his duty, failure to follow safety instructions, failure to wear proper safety gear, and/or inattention to duty, or were caused by the fault of others for whom MSRC has no responsibility, which precludes and bars plaintiff's recovery herein.

### FOURTH DEFENSE

MSRC avers, in the alternative, that if it is found that plaintiff suffered damages as a result of the negligence of anyone for whom MSRC could or might be responsible, or because of the unseaworthiness of any vessel for which MSRC was responsible, all of which is specifically denied, the damages of plaintiff were also caused by and/or contributed to by and/or aggravated by plaintiff's own negligence and/or the negligence of others for which MSRC is not responsible, and MSRC is entitled to have any award or recovery mitigated and reduced accordingly.

**FIFTH DEFENSE**

MSRC avers, in the alternative, that plaintiff did not take proper means of mitigating his alleged damages or losses.  Plaintiff is placed on full proof of the fairness and reasonableness of the steps, if any, taken to minimize his damages, if any.

**WHEREFORE**, the premises considered, Marine Spill Response Corporation prays that this, its answer, be deemed good and sufficient and that after due proceedings had, there be judgment in its favor and against plaintiff, dismissing both the Complaint and the First Amending Complaint, at plaintiff's costs, and for all general and equitable relief.

Respectfully submitted,

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ Peter B. Tompkins
Peter B. Tompkins (#17832)
ptompkins@mrsnola.com
Emily Stevens Hardin (#27653)
ehardin@mrsnola.com
701 Poydras Street, Suite 400
New Orleans, Louisiana  70139
Telephone:    (504) 523-0400
Facsimile:    (504) 523-5574
Attorneys for Marine Spill Response Corporation

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 2nd day of March 2012, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

/s/ Peter B. Tompkins

300/4378